UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE A. KUMNICK
and GAYLE KUMNICK
his wife,

        Plaintiffs,

v.                                              CASE NO.: 8:05-cv-1511-T-27MAP

UNITED STATES OF AMERICA,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for injuries sustained as a result of the negligence of the United States by and through its employees and/or agents at the James A. Haley Veterans Hospital ("VA Hospital"). Plaintiffs contend that Mr. Kumnick suffered damages when he failed to receive proper follow up care due to the administrative staff's negligent determination that he was ineligible for VA medical benefits. The government, believing that 38 U.S.C. § 511(a) precludes this Court from exercising subject matter jurisdiction over the Plaintiffs' claim, moves to dismiss pursuant to FED. R. CIV. P. 12(b)(1).[1]  For the reasons stated below, it is recommended that the government's motion be granted.

    *A. Standard of review*

Attacks on subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) come in two forms, facial and factual. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990)  Facial attacks simply require the court to take the allegations of the complaint as true and determine if the plaintiff has

---

[1] The district judge referred this motion to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01 (doc. 52).

sufficiently plead a basis for subject matter jurisdiction. *Id*. at 1529. However, when faced with a factual challenge, which goes to the court's very power to hear the case, the court can weigh the evidence and satisfy itself as to the existence of jurisdiction. *Id*. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

*B. Facts*

Plaintiff, Lee A. Kumnick, served on active duty in the United States Army from January 18, 1966, through January 17, 1968. After being assigned to the United States Army Reserves, Plaintiff was honorably discharged in 1972. On February 15, 2001, Plaintiff presented himself at the VA Hospital complaining of left flank pain and blood in his urine. Prior to being examined, Plaintiff filled out an application for VA medical benefits but failed to provide any documents that verified his honorable discharge. After being admitted, Plaintiff was examined in the emergency room and underwent several tests, including an intravenous pyelogram ("IVP"). The staff radiologist who reviewed the IVP results reported that there was a "suggestion of an ovoid soft tissue density (approximately 12 cm.) superimposing lower pole left kidney" that could be either fluid-filled intestine or a renal cyst. Plaintiff was then seen by a urologist who recommended a non-contrast CT scan for his abdomen/pelvis, which could be done as an outpatient.

Several days after his discharge, Plaintiff attempted to schedule an appointment for follow up care at the VA hospital, including the suggested CT scan of his abdomen. The VA's administrative personnel, however, were unable to verify his eligibility for VA medical benefits and refused to schedule an appointment. As a result of his lack of health insurance and his inability to pay for follow up care, Plaintiff did not receive any treatment until March 30, 2002. At that time,

Plaintiff was seen at Tampa General Hospital's Emergency Room and diagnosed with a left renal mass and hematuria. The mass was surgically removed and identified as renal cell carcinoma. Unfortunately for the Plaintiff, the cancer spread to and involved the renal vein, resulting in metastasis of the renal cell carcinoma in his lungs, abdominal cavity, left hip and femur. Plaintiffs filed this action for avoidable pain and suffering he suffered as a result of the VA medical personnel's alleged negligence in failing to follow up on the medical recommendations and in failing to properly verifying his eligibility for VA medical benefits.

*C. Discussion*

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). As such, the government argues that the Plaintiffs bears the burden of proving that 38 U.S.C. § 511(a) does not preclude this Court from exercising subject matter over their claim. The Plaintiffs, however, argue that § 511(a), and consequently the government's motion, should only be considered as it pertains to Paragraph 45 of the complaint.[2] They contend that since Paragraphs 43 and 44 of the Complaint do not contain eligibility allegations on their face, § 511(a)

---

[2] Paragraph 45 contains the Plaintiffs' allegation that VA Hospital personnel were negligent in their repeated failures to exercise due care in the execution of Federal Statutes, regulations, and VA policies, regarding their duty to properly and timely verify, Plaintiff, Lee A. Kumnick's, eligibility for VA benefits. This negligence, they argue, was the direct and proximate cause of the delay in testing and diagnosing Plaintiff Kumnick's cancer.

and the Defendant's motion are inapplicable.[3]

This Court, however, does not read the Plaintiffs' claims so narrowly. Although the common theme of the complaint is the allegations of the physicians' failure to exercises due care and properly follow up on the Plainttiff's symptoms, the complaint includes claims that the Department of Veterans Affairs, through the VA Hospital employees, negligently handled and wrongfully denied Mr. Kumnick's claim for benefits. And but for this failure to properly verify his benefits, the cancellation of Plaintiff's follow up appointment and resulting delay in surgical intervention, would not have occurred.

In relevant part, 38 U.S.C. §511(a) provides that:

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Courts interpreting §511(a) have held that a Plaintiff may not circumvent the section's bar on judicial review by cloaking his claims regarding the denial of benefits in the garb of a negligence claim or other statutory violation. *See Broudy v. Mather*, 460 F.3d 106 (3d Cir. 2006) (holding that district court lacked subject-matter jurisdiction over state claw claims arising out of denial of disability benefits, where resolution of claims might affect provision of veteran's benefits); *Thompson v. Veterans Admin.*, 20 Fed. App'x 367 (6th Cir. 2001) (holding that statute precludes district courts

---

[3] Paragraphs 43 and 44 contain allegations that the VA physicians and staff deviated from the generally accepted standard of care when they did not properly/timely diagnostically and therapeutically follow up on the Plaintiff's complaints of pain.

from reviewing decision on veterans' benefits, including constitutional challenges to the procedures of the DVA; such challenges must be filed in the Court of Veterans Appeals); *Price v. United States,* 228 F.3d 420, 422 (D.C. Cir. 2000) (*per curiam*) (holding that a district court was without subject-matter jurisdiction in a bad faith or negligence claim because it would first need to determine whether the DVA properly handled a request for benefits); *Weaver v. United States,* 98 F.3d 518, 520 (10th Cir. 1996) (holding that a district court properly dismissed claims of conspiracy, fraud, and misrepresentation against the DVA because, through those claims, plaintiff sought review of actions taken in connection with the denial of a claim for benefits)*; Zuspann v. Brown*, 60 F.3d 1156 (5th Cir. 1995) (holding that a veteran's claim that VA physicians denied him adequate care was in reality an individualized challenge to the VA's decision to deny him benefits);  see also; *Menendez v. Unites States*, 67 F. Supp. 2d 42, 46 (D. P.R. 1999) (holding that the court lacked jurisdiction to hear a veteran's claim under the FTCA alleging negligence in the initial eligibility determination and safe-keeping of medical records); *McCulley v. U.S. Dept. of Veterans Affairs*, 851 F.Supp. 1271, 1280 (E.D. Wis. 1994) (holding that 38 U.S.C. §211(a), the predecessor to §511(a), precludes federal courts from hearing claims even seeking a particular type or level of medical care); *Quarles v. United States,* 731 F.Supp. 428, 431-32 (D. Kan. 1990) (holding that § 511 barred a claim for damages based on the alleged negligence of the National Archives in failing to maintain service records, because it related to the claim whether "but for the missing records, plaintiff should have been awarded disability benefits").[4]

---

[4] There is no reason to believe the Eleventh Circuit would decide this matter any differently than the Third, Fifth, Sixth, or Tenth Circuits.  For example, in *Hall v. U.S. Department of Veterans Affairs*, 85 F.3d 532, 535 (11th Cir. 1996), the Eleventh Circuit, faced with a challenge to a particular regulation, held that judicial scrutiny of regulations is available only in the Federal Circuit Court of Appeals.  In doing so, the court observed that only

Since the VA's denial of benefits resulted in cancellation of the Plaintiff's appointment, any determination in this case as to whether the VA's medical staff deviated from the generally accepted standard of care would require this Court to examine the handling and denial of the Plaintiff's application for benefits. Regardless of how the Plaintiffs frame their claims, this Court would be forced to decide issues of negligence only as a precursor to a determination regarding the propriety of the VA staff's denial of benefits to the Plaintiff. As such, §511(a) prevents this Court from exercising subject matter jurisdiction over their claims.

*D. Conclusion*:

For the stated reasons, I recommend the district judge grant the government's motion to dismiss (doc. 47).

IT IS SO REPORTED at Tampa, Florida on October 17, 2007.

                                                  */s/ Mark A. Pizzo*
                                                  MARK A. PIZZO
                                                  UNITED STATES MAGISTRATE JUDGE

---

challenges regarding the constitutionality of specific statutes affecting veterans' benefits may be brought outside the procedures required by the Veterans' Judicial Reform Act, Pub.L. No. 100-687,102 Stat. 4105 (1988). Thus, under the VJRA, entitlement decisions about a veteran's benefits by the Secretary may be appealed to the Board of Veterans Appeals ("Board"), whose ruling becomes the final decision of the Secretary. *See* 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals, an Article I court established by the VJRA. *See* 38 U.S.C. §§ 7251, 7252(a), 7266(a). Decisions of the Court of Veterans Appeals are appealable only to the United States Court of Appeals for the Federal Circuit, which has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. §§ 7292(a), 7292(c). The Federal Circuit Court of Appeals' judgment is only subject to review by the United States Supreme Court by writ of certiorari. 38 U.S.C. § 7292(c). *Hall*, 85 F.3d at 534.

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon ground of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

cc: Hon. James D. Whittemore