UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAYLE KUMNICK, as Personal
Representative of the Estate of
Lee A. Kumnick,

           Plaintiff,

vs.                                           Case No. 8:05-CV-01511-JDW-MAP

UNITED STATES OF AMERICA,

           Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Defendant United States of America's Motion to Dismiss Plaintiff's Action Alleging Negligence in Determining Eligibility for V.A. Medical Benefits and Alleging Negligence in Failure to Provide Follow Up Medical Care (Dkt. 47) be granted (Dkt. 55). Plaintiff has filed objections to the Report and Recommendation (Dkt. 56), and Defendant has filed a response (Dkt. 60).

The facts are set forth in the Report and Recommendation. Plaintiff seeks damages against Defendant for its alleged medical negligence and deviation from the standard of care during Plaintiff's February 15, 2001 visit to the VA Hospital (Dkt. 1, ¶ 43),[1] its alleged negligence in failing

---

[1] Plaintiff's medical negligence claim arises from Defendant's alleged failure to inform Plaintiff that there was a suggestion of a 12 cm density which might represent a renal cyst, to advise Plaintiff of the potential seriousness of his medical condition and the importance of a CT scan, and the doctors' alleged suggestion to Plaintiff that he was suffering from a kidney stone (Dkt. 1, ¶¶ 22- 25). Defendant has not moved to dismiss Plaintiff's medical negligence claim that the VA personnel deviated from the standard of care during his February 15, 2001 hospital visit. That claim remains pending. In addition, Plaintiff's contention that the Magistrate Judge improperly characterized the Complaint with regard to this claim is overruled.

1

to provide Plaintiff with follow up care (Dkt. 1, ¶ 44), and its alleged negligence in failing to verify Plaintiff's eligibility for VA benefits (Dkt. 1, ¶ 45). Defendant has moved to dismiss Plaintiff's claims that Defendant was negligent in failing to timely and properly verify Plaintiff's eligibility for VA benefits and provide him with follow up medical care for lack of subject matter jurisdiction, alleging that 38 U.S.C. § 511 precludes the Court from exercising subject matter jurisdiction over those claims (Dkt. 47). In a through and well-reasoned Report and Recommendation, the Magistrate Judge recommended that those claims be dismissed for lack of subject matter jurisdiction (Dkt. 55). For the reasons set forth below, the Report and Recommendation of the Magistrate Judge is adopted, confirmed, and approved in all respects.

### *Standard of Review*

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

### *Discussion*

Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1) may be "facial" or "factual." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). A facial attack is based solely on the allegations of the complaint, which are taken as true for the purposes of the motion to dismiss. *Id.* at 1529. A factual attack challenges the existence of subject matter jurisdiction in fact, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Defendant's motion to dismiss, which relies upon extrinsic evidence and is not limited solely to the pleadings, is a factual attack. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

Plaintiff contends that Defendant's motion to dismiss should be treated as a motion made pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. (Dkt. 57, p. 8) Since extrinsic evidence outside of the pleadings will be considered, the motion may not be treated as a Rule 12(b)(6) motion. *Id.* at 924. In addition, a determination of subject matter jurisdiction is not intermeshed with the merits of Plaintiff's case so as to necessitate review under Fed. R. Civ. P. 56. *Lawrence*, 919 F.2d at 1530-31. The determination of subject matter jurisdiction does not resolve the merits of whether Defendant was negligent in failing to provide Plaintiff follow up care or in failing to verify his eligibility for benefits. *compare Eaton v. Dorchester Dev.*, 692 F.2d 727 (11th Cir. 1982) (determination of whether the court had subject matter jurisdiction hinged on whether the defendant owed a duty to plaintiffs under the Interstate Land Sales Full Disclosure Act).

The plain language of 38 U.S.C. § 511(a) precludes this court's exercise of subject matter jurisdiction over Plaintiff's claim that Defendant failed to properly and timely verify Plaintiff's eligibility for VA benefits.[2] *Slater v. United States*, 175 F.App'x 300 (11th Cir. 2006) (unpublished opinion) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans . . ."); *Hall v. U.S. Dep't of Veterans Affairs*, 85 F.3d 532 (11th Cir. 1996) (district court properly dismissed complaint alleging improper reduction of veterans'

---

[2] 38 U.S.C. § 511(a) provides:
The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

disability benefits for lack of subject matter jurisdiction).[3]

Section 511 also precludes the exercise of subject matter jurisdiction over Plaintiff's claim that Defendant was negligent in its failure to provide follow up care. As the Magistrate Judge concluded, issues of negligence would need to be decided as a precursor to a determination regarding the propriety of the VA staff's denial of benefits to Plaintiff. A determination of whether Defendant was negligent in not providing Plaintiff follow up care and refusing to schedule the recommended CT Scan would necessitate a determination of whether the VA staff's decision regarding Plaintiff's eligibility for VA benefits was proper. *Richardson v. Dep't of Veterans Affairs,* No. Co5-1353C, 2006 WL 1348392, at *3 (W.D. Wa. May 13, 2006) (plaintiff's claims of medical negligence and malpractice by DVA personnel could not be adjudicated "without acting in the discretionary role reserved to the DVA" and must be dismissed pursuant to Rule 12(b)(6)); *Menendez v. United States,* 67 F. Supp. 2d 42, 47 (D.P.R. 1999) (claim that the VA negligently failed to make an initial determination as to whether plaintiff's condition was service-related would require court to decide issue of negligence "only as a precursor to a determination regarding the propriety of the denial of

---

[3] A number of cases have similarly found that the statute precludes subject matter jurisdiction: *see Hasson v. U.S. Dep't of Veterans Affairs,* 137 F.App'x 418, 420 (2d Cir. 2005) (unpublished opinion) (complaint that plaintiff was expelled from a VA hospital properly dismissed for lack of subject matter jurisdiction); *Townsend v. United States,* 49 F.App'x 822, 824 (10th Cir. 2002) (veteran's claim that he was wrongfully terminated from homeless veterans program properly dismissed for lack of subject matter jurisdiction); *Thompson v. Veterans Admin.,* 20 F.App'x 367, 368-69 (6th Cir. 2001) (unpublished opinion) (action properly dismissed for lack of subject matter jurisdiction where veteran whose claim for disability benefits was denied alleged that the VA filed false and fraudulent military records pertaining to him); *Zuspann v. Brown,* 60 F.3d 1156 (5th Cir. 1995) (district court properly dismissed complaint that VA failed to provide plaintiff adequate medical care for lack of subject matter jurisdiction); *Cotrich v. Nicholson,* No. 6:06-cv-1772-Orl-19JGG, at *2 (M.D. Fla. Dec. 19, 2006) ("This Court has no jurisdiction to review the denial of veterans benefits. Moreover, the Court does not have subject matter jurisdiction to review fraud claims when 'they are, in substance, nothing more than a challenge to the underlying benefits decision'") (citations omitted); *Frison v. Principi,* No.03-5095, 2003 WL 22097797, at *1 (C.A.D.C. Aug. 28, 2003) (unpublished opinion) ("The district court lacked subject matter jurisdiction with respect to the allegation . . . because underlying the claim is an allegation that the VA unjustifiably denied a veteran's benefit"); *Marsh v. Dep't of Veterans Affairs,* 921 F. Supp. 360, 361 (N.D.W.V. 1995) ("[F]ederal courts lack jurisdiction to review decisions concerning a veteran's entitlement to benefits").

benefits to plaintiff");[4] *Quarles v. United States*, 731 F. Supp. 428, 431 (D. Kan. 1990) (plaintiff's claim that defendant negligently destroyed his medical records, which allegedly precluded him from proving service-connected illnesses, would require court to determine whether, but for the missing records, plaintiff should have been awarded disability benefits).

Plaintiff objects to the Magistrate Judge's finding that a decision as to Plaintiff's eligibility for VA benefits was made by the Secretary or someone duly authorized by the Secretary (Dkt. 57, pp. 4-7, 9-10). The evidence indicates, however, that the VA staff cancelled Plaintiff's follow up appointment and refused to schedule his CT Scan because they could not verify his eligibility for benefits, essentially a determination that he was ineligible. Nevertheless, even if a formal eligibility determination was not made, federal district courts do not have subject matter jurisdiction over claims that benefits decisions were not made or were made untimely. *See Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997); *Brown v. Dep't of Veterans Affairs*, 451 F. Supp. 2d 273, 277-78 (D. Mass. 2006); *Lundy v. Dep't of Veterans Affairs*, 142 F. Supp. 2d 776, 780 (W.D. La. 2001); *Menendez*, 67 F. Supp. 2d at 44, 47.

Plaintiff's contention that no decision was made "by the Secretary" is also rejected. Claims alleging negligent conduct by DVA personnel "fall within the ambit of the VJRA's comprehensive review system." *Richardson* at *3 ("Although Plaintiff's . . . claims are not squarely directed to a denial of benefits, the fact that his allegations relate solely to acts by DVA personnel divests this Court of jurisdiction"); *see also Dambach v. United States*, 211 F.App'x 105, 107-09 (3d Cir. 2006) (claims that DVA employees negligently handled and wrongfully denied claim for benefits properly

---

[4]Plaintiff objects to the Magistrate Judge's citation to *Menendez*, arguing that *Menendez* did not involve claims for medical negligence and that, unlike *Menendez*, no decision was received from the VA. (Dkt. 57, p. 5) Plaintiff's objection is overruled. Similar to *Menendez*, adjudication of Plaintiff's claim would necessitate a determination of whether Plaintiff was entitled to benefits. The reasoning of *Menendez* is persuasive.

5

dismissed for lack of subject matter jurisdiction); *Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995) (claim against a VA doctor alleging that the doctor prevented him from complaining about his treatment and reduced his benefits properly dismissed for lack of subject matter jurisdiction). "Congress has created a complex benefits system and deemed the Secretary the sole arbiter of benefits claims and the factual and legal issues that arise in connection with those claims." *Brown*, 451 F. Supp. 2d at 280.[5]

Plaintiff additionally argues that dismissal of his claim amounts to a denial of due process. (Dkt. 57, p.10) "It is well established that 38 U.S.C. § 511 precludes judicial review of VA benefits. Moreover, the statutory bar to judicial review may not be circumvented by characterizing what are in essence challenges to VA benefits determinations in constitutional terms." *Cheves v. Dep't of Veterans Affairs*, 227 F. Supp. 2d 1237, 1246 (M.D. Fla. 2002) (dismissing plaintiff's claim that the VA failed to inform him of his right to appeal his disability rating and denial of benefits for lack of subject matter jurisdiction). The complaint does not present a facial attack on the constitutionality of § 511(a). *See Hall*, 85 F.3d at 535.[6] Rather, the gravamen of Plaintiff's claim is that he was denied benefits.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)   The Report and Recommendation (Dkt. 55) is adopted, confirmed, and approved in

---

[5]*Cf. Broudy v. Mather*, 460 F.3d 106, 114 (D.C. Cir. 2006) (holding that district courts may exercise jurisdiction to consider questions arising under laws that affect the provision of benefits to veterans as long as the Secretary has not actually decided them in the course of a benefits proceeding). The reasoning of *Broudy* is unpersuasive. As discussed above, 38 U.S.C. § 511 vests exclusive jurisdiction in the Secretary to decide questions of law and fact that affect the provision of benefits to veterans.

[6]In *Hall*, the Eleventh Circuit considered whether § 511(a) precludes district courts from entertaining facial constitutional challenges to legislation affecting veterans' benefits, but did not decide the question because the complaint did not challenge the statute. *Id.* at 533-35.

all respects and is made a part of this order for all purposes, including appellate review.

2) Defendant's Motion to Dismiss Plaintiff's Action Alleging Negligence in Determining Eligibility for V.A. Medical Benefits and Alleging Negligence in Failure to Provide Follow Up Medical Care (Dkt. 47) is **GRANTED**.[7]

**DONE AND ORDERED** in Tampa, Florida, on this 28th day of December, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[7] The motion is granted as to the negligence allegations in ¶¶ 44 and 45. Accordingly, Plaintiff's complaint will proceed exclusively on the allegations of medical negligence arising from the February 15, 2001 hospital visit.